United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   BENJAMIN D. WINIG,                          No. C-06-4297 MMC
12              Plaintiff,                        **ORDER GRANTING MOTION FOR STAY
                                                  PENDING APPEAL; VACATING
13     v.                                         HEARING**
14   CINGULAR WIRELESS LLC,                       (Docket No. 37)
15              Defendant.
16   _____/
17
18         Before the Court is the motion of defendant Cingular Wireless LLC ("Cingular"), filed
19   October 6, 2006, by which Cingular seeks a stay of the instant action pending resolution of
20   its appeal of the Court's September 27, 2006 order denying Cingular's motion to compel
21   arbitration.  Plaintiff Benjamin D. Winig has filed opposition to the motion; Cingular has filed
22   a reply.  Having considered the papers filed in support of and in opposition to the motion,
23   the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-
24   1(b), hereby VACATES the November 17, 2006 hearing, and rules as follows.
25                               **BACKGROUND**
26         On September 27, 2006, the Court issued an order denying Cingular's motion to
27   compel arbitration.  On October 5, 2006, Cingular filed a notice of appeal of the Court's
28   September 27, 2006 order.

1

**LEGAL STANDARD**

2      The Federal Arbitration Act permits an immediate appeal of an order denying a

3    motion to compel arbitration.  See 9 U.S.C. § 16(a)(1)(B) ("An appeal may be taken

4    from . . . an order . . . denying a petition . . . to order arbitration to proceed.")  Any such

5    appeal does not divest the district court of jurisdiction to proceed with the merits of the

6    case.  See Britton v. Co-op Banking Group, 916 F.2d 1405, 1411-1412 (9th Cir. 1990).

7    Nonetheless, once an appeal has been taken from a denial of a motion to compel

8    arbitration, "[t]he system created by the Federal Arbitration Act allows the district court to

9    evaluate the merits of the movant's claim, and if, for instance, the court finds that the

10   motion presents a substantial question, to stay the proceedings pending an appeal from its

11   refusal to compel arbitration."[1]  See id. at 1412.

12

**DISCUSSION**

13   **A.  Substantial Question**

14      As of the date of Cingular's motion, district courts in California have granted stays

15   pending appeal of denials of motions to compel arbitration in at least four cases this year

16   raising essentially the same issues as those presented herein.  (See Motion to Stay,

17

18

19   _____

20      [1] In so ruling, the Ninth Circuit noted, without further discussion, that a district court
     in the Western District of Tennessee had developed a test for determining whether a district
21   court should stay an action pending appeal of an order denying a motion to compel
     arbitration.  See id. (citing C.B.S. Employees Federal Credit Union v. Donaldson, 716 F.
22   Supp. 307 (W.D. Tenn. 1989)).  In the Tennessee case, the district court applied the United
     States Supreme Court's "four-prong test [for] determining whether a movant is entitled to a
23   stay under Rule 62(c)" of the Federal Rules of Civil Procedure: "(1) whether the stay
     applicant has made a strong showing that he is likely to succeed on the merits; (2) whether
24   the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will
     substantially injure the other parties interested in the proceeding; and (4) whether public
25   interest favors a stay."  See C.B.S., 716 F. Supp. at 309 (internal quotation, alterations, and
     citation omitted).  The district court further held that the movant need not demonstrate a
26   "mathematical probability" of success on the merits of its appeal; rather, the first prong is
     satisfied where the movant presents a "substantial case on the merits," which the court
27   equated with the raising of a "serious legal question."  See id. at 309-310.  Although the
     Ninth Circuit did not expressly adopt the test set forth in C.B.S., this Court will discuss the
28   four prongs of the C.B.S. test in determining whether to stay the instant action pending
     appeal.

1  Addenda I-IV.)[2]  In each such case, the district court found a substantial question was

2  raised on appeal because the Ninth Circuit has not issued a published opinion adopting or

3  rejecting the California Supreme Court's holding, in <u>Discover Bank v. Superior Court</u>, 36

4  Cal. 4th 148 (2005), that the Federal Arbitration Act does not preempt California law with

5  respect to the unconscionability of contractual class action/class arbitration waivers.  (<u>See</u>

6  <u>id</u>. Addendum I at 3; Addendum II at 4; Addendum III at 3; Addendum IV at 2.)[3]

7       Contrary to plaintiff's argument, the state of the law has not changed since the most

8  recent of the above-referenced decisions.  In support of his argument, plaintiff cites two

9  cases.  The first, a decision by a California Court of Appeal, <u>Merritt v. Cingular Wireless</u>

10  <u>LLC</u>, 2006 WL 2744357 (Cal. Ct. App. Sept. 27, 2006), is unpublished and may not be

11  cited.  <u>See</u> Cal. Ct. R. 977(a) ("an opinion of a California Court of Appeal or superior court

12  appellate division that is not certified for publication or ordered published must not be cited

13  or relied on by a court or a party in any other action").  The second, by the Illinois Supreme

14  Court, <u>Kinkel v. Cingular Wireless</u>, 2006 WL 2828664 (Ill. Oct. 5, 2006), does not address

15  FAA preemption of California law.

16       The Court finds the reasoning of the above-referenced California district court

17  decisions to be persuasive and that defendant has raised a substantial question of law to

18  be resolved on appeal.  <u>See</u> <u>C.B.S.</u>, 716 F. Supp. at 310 (noting court "may grant a stay

19  even though its own approach may be contrary to movant's view of the merits").

20       Accordingly, the Court finds the first factor of the <u>C.B.S.</u> test weighs in favor of

21  granting the motion for a stay.

_____

24       [2] The four opinions are <u>Stern v. Cingular Wireless Group</u>, CV-05-8842 CAS, slip op.
25  (C.D. Cal. Sept. 11, 2006); <u>Laster v. T-Mobile USA, Inc.</u>, 05cv1167 DMS, slip op. (S.D. Cal.
   March 14, 2006); <u>Ford v. Verisign, Inc.</u>, 05 CV 0819 JM, slip op. (S.D. Cal. March 8, 2006);
26  and <u>Cervantes v. Pacific Bell Wireless</u>, 05 CV 01469 JM, slip op. (S.D. Cal. March 8, 2006).

27       [3] The Court notes that, on November 1, 2006, a stay pending appeal of the denial of
   a motion to compel arbitration was granted, for the same reasons, in yet another California
28  district court case.  (<u>See</u> Reply Addendum I (<u>Sasik v. AT&T Wireless</u>, CV 05-2346 ABC
   (C.D. Cal. Nov. 1, 2006)).

3

1

**B.  Irreparable Harm to Movant**

2   The second factor to be considered in determining whether to grant a stay pending

3   appeal is whether the party seeking a stay will be irreparably harmed by the absence of a

4   stay.  See C.B.S., 716 F. Supp. at 309.  As defendant correctly argues, the Ninth Circuit

5   has held that if a party "must undergo the expense and delay of a trial before being able to

6   appeal [an order denying a motion to compel arbitration], the advantages of arbitration –

7   speed and economy – are lost forever," a loss the Ninth Circuit describes as "serious,

8   perhaps, irreparable."  See Alascom, Inc. v. ITT North Electric Co., 727 F.2d 1419, 1422

9   (9th Cir. 1984).

10   Accordingly, the Court finds the second factor weighs in favor of granting the motion

11   for a stay.

12   **C.  Harm to Opposing Party**

13   The third factor is whether issuance of a stay "will substantially injure the other

14   parties interested in the proceeding."  See C.B.S., 716 F. Supp. at 309.  Plaintiff argues

15   that he and the proposed class will be harmed because, if a stay is granted pending

16   appeal, Cingular will be able to continue its assertedly unlawful conduct.  Even if such

17   conduct ultimately is determined to be unlawful, however, the proposed class will have

18   suffered little additional injury as a result of the stay, given what appears to be a small

19   amount of monetary damages assertedly suffered by the individual members of the

20   proposed class.  (See, e.g., Amended Complaint ¶¶ 3, 5, 9 (setting forth asserted unlawful

21   change in defendant's billing practice); see also id. ¶ 22 ("Plaintiff's and each Nationwide

22   Class Member's individual ascertainable losses and damages are not sufficiently large to

23   justify instituting individual actions.").  Moreover, any such injury can be redressed by an

24   award of damages if plaintiff ultimately prevails.

25   With respect to plaintiff's argument that the proposed class will be harmed by a stay

26   because Cingular has declined to agree to preserve evidence, Cingular, in a letter dated

27   October 18, 2006, expressly assured plaintiff that "consistent with law and applicable

28   standards, Cingular has taken steps to ensure that all relevant information pertinent to this

4

1    case has been preserved as appropriate." (<u>See</u> Nicholes Decl. Ex. C.)  Additionally,

2    Cingular has expressed an intent to comply with the recent amendments to the Federal

3    Rules of Civil Procedure with respect to electronic data.  (<u>See</u> Stortz Decl. Ex. A.)  Under

4    such circumstances, the Court is not persuaded that plaintiff or the proposed class will

5    suffer harm in connection with the preservation of evidence.[4]

6        Accordingly, the Court finds the third factor weighs in favor of granting the motion for

7    a stay.

8        **D.  Public Interest**

9        The fourth factor to be considered in determining whether to grant a stay pending

10   appeal is whether issuance of a stay is in the public interest.  <u>See</u> <u>C.B.S.</u>, 716 F. Supp. at

11   309.  The Supreme Court has held the Federal Arbitration Act sets forth a "congressional

12   declaration of a liberal federal policy favoring arbitration agreements."  <u>See</u> <u>Moses H. Cone</u>

13   <u>Memorial Hospital v. Mercury Construction Corp.</u>, 460 U.S. 1, 24 (1983).  Consequently, a

14   stay would advance the public interest in arbitration by ensuring that Cingular is not

15   required to litigate the instant action in district court unless and until the Ninth Circuit

16   resolves the pending appeal in plaintiff's favor.  Although the Court is cognizant of the

17   public interest in "vindicating consumer rights," <u>see</u> <u>Discover Bank</u>, 36 Cal. 4th at 159, the

18   Court finds the requested stay will not materially impact that interest.

19       Moreover, as the district court in <u>C.B.S.</u> observed, it "does not make sense for this

20   Court to expend its time and energy preparing this case for trial and possibly trying it only to

21   learn at a later date from the court of appeals that it was not the proper forum to hear the

22   case."  <u>See</u> <u>C.B.S.</u>, 716 F. Supp. at 310.  A stay would promote the public interest in the

23   economical use of judicial resources.

24       Accordingly, the Court finds the fourth and final factor weighs in favor of granting the

25   motion for a stay.

26   _____

27       [4] For this reason, and based on the showing made thus far, the Court denies
     plaintiff's request for a preservation order.
28

**CONCLUSION**

For the reasons set forth above, Cingular's motion to stay the instant action pending appeal is hereby GRANTED.  No later than May 4, 2007, and at no greater than six-month intervals thereafter, the parties shall file a joint status report advising the Court of the status of the instant appeal, as well as the appeals in the following cases:  <u>Stern v. Cingular Wireless Group</u>, CV-05-8842 CAS (C.D. Cal.), <u>Laster v. T-Mobile USA, Inc.</u>, 05cv1167 DMS (S.D. Cal.), <u>Ford v. Verisign, Inc.</u>, 05 CV 0819 JM (S.D. Cal.), <u>Cervantes v. Pacific Bell Wireless</u>, 05 CV 01469 JM (S.D. Cal.), <u>Lozano v. AT&T Wireless</u>, 02 CV 90 AHS (C.D. Cal.), and <u>Sasik v. AT&T Wireless</u>, CV 05-2346 ABC (C.D. Cal.).

This order terminates Docket No. 37.

**IT IS SO ORDERED.**

Dated: November 6, 2006

MAXINE M. CHESNEY
United States District Judge