IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN D. WINIG,<br><br>    Plaintiff,<br><br>  v.<br><br>CINGULAR WIRELESS LLC,<br><br>    Defendant.<br>_____ / | No. C-06-4297 MMC<br><br>**ORDER GRANTING IN PART, DENYING IN PART, AND IN PART DEFERRING RULING ON PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE MEMORANDUM AND DOCUMENTS UNDER SEAL** |

      Before the Court is plaintiff's administrative motion to file under seal plaintiff's Memorandum of Points and Authorities in Support of Motion for Class Certification ("Memorandum"), and Exhibits A through N to the Declaration of Nathan Lowery in Support of Plaintiff's Motion for Class Certification, in light of defendant's having previously designated as confidential the documents contained or discussed therein. Defendant has filed a Memorandum, as well as the Declaration of Jacqueline P. Jackson, in support of its designation of Exhibits A through N as confidential. Having considered the parties' submissions, the Court rules as follows.

      1. To the extent plaintiff seeks leave to file under seal Exhibit A to the Declaration of Nathan Lowery, defendant's responsive declaration fails to establish that the entirety of said exhibit is properly sealable. Exhibit A consists of a "Customer Service Summary," and, as lodged with the Court, several identifying items, such as the wireless number and name

associated with the account, appear to have previously been redacted from the document. The only apparently confidential item remaining is the account number located on page three of the Summary, and such information can be easily redacted as well. Moreover, neither party asserts that the account number on the Summary has any significance with respect to plaintiff's motion for class certification. Accordingly, the administrative motion is hereby DENIED with respect to Exhibit A to the Declaration of Nathan Lowery, and plaintiff is hereby DIRECTED to file in the public record, no later than July 8, 2008, a version of Exhibit A in which, in addition to the previous redactions, the customer account number located on page three of said exhibit is redacted. If plaintiff fails to timely file said exhibit in the public record, the Court will not consider it in ruling on plaintiff's motion for class certification.[1]

2. To the extent plaintiff seeks leave to file under seal Exhibits B, C, D, E, F, G, H, I, J, and L to the Declaration of Nathan Lowery, defendant's responsive declaration establishes that each of said exhibits constitutes sealable trade secret information or confidential customer information. Accordingly, the motion is hereby GRANTED with respect to said exhibits, and the Clerk is directed to file under seal the unredacted versions of said exhibits.

3. To the extent plaintiff seeks leave to file under seal Exhibits K, M, and N to the Declaration of Nathan Lowery, defendant's responsive declaration fails to establish each of said exhibits "is privileged or protectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(a). Indeed, defendant's responsive declaration does not ask that Exhibits M and N be filed under seal, nor have defendants filed any other declaration addressing such exhibits. See Civil L.R. 79-5(d) (providing that, if the designating party does not file, within five days of filing of motion for sealing order, "a declaration establishing that the designated information is sealable," the proposed filings

---

[1] In the event plaintiff is of the view that the account number has some bearing on the resolution of the motion for class certification, plaintiff, in lieu of filing Exhibit A in the public record, may file a supplemental declaration, no later than July 8, 2008, explaining such significance and seeking to file an unredacted version of the exhibit under seal.

1  "will be made part of the public record"). Accordingly, the Administrative Motion is hereby
2  DENIED with respect to said exhibits. Plaintiff is hereby DIRECTED to file in the public
3  record, no later than July 8, 2008, Exhibits K, M, and N to the Declaration of Nathan
4  Lowery. If plaintiff fails to timely file said exhibits in the public record, the Court will not
5  consider them in ruling on plaintiff's motion for class certification.

6  　　　　4. With respect to the Memorandum, plaintiff has not shown the entirety of such
7  document is confidential, and portions thereof plainly are not. (See, e.g., Pl.'s
8  Memorandum of Points and Authorities in Support of Motion for Class Certification at 6:3-6
9  (discussing contents of defendant's Rate Plan Brochures).)[2] A party may not designate an
10 entire document as confidential when only part of the document contains confidential
11 information. See Civil L.R. 79-5(a) (providing request to file document under seal "must be
12 narrowly tailored to seek sealing only of sealable material"). Accordingly, the Court will
13 defer ruling on the motion with respect to the Memorandum, to afford plaintiff the
14 opportunity to file, no later than July 8, 2008, a supplemental declaration identifying with
15 particularity the portions thereof that plaintiff claims are subject to sealing and the reason(s)
16 therefor.

17 　　　　Accordingly, for the reasons set forth above, plaintiff's administrative motion is
18 hereby GRANTED in part and DENIED in part, and further ruling thereon is DEFERRED.

19 　　　**IT IS SO ORDERED.**

20 Dated: July 3, 2008                               MAXINE M. CHESNEY
21                                                  United States District Judge

---

28  [2] This example is provided for illustrative purposes only, and is not intended to set forth all of the material that appears to be of a nonconfidential nature.