United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN D. WINIG,

           Plaintiff,

  v.

CINGULAR WIRELESS LLC,

           Defendant.

_____/

No. C-06-4297 MMC

**ORDER GRANTING IN PART, DENYING IN PART, AND IN PART DEFERRING RULING ON DEFENDANT'S ADMINISTRATIVE MOTION TO FILE MEMORANDUM AND DOCUMENTS UNDER SEAL**

      Before the Court is defendant's Administrative Motion to file under seal defendant's Memorandum in Support of Motion for Summary Judgment ("Memorandum"), and Exhibits A and B to the Declaration of Beth O'Neal Arnese ("Arnese Declaration"), filed in support of defendant's Motion for Summary Judgment.  Having considered the Administrative Motion and supporting documents, the Court rules as follows.

      1.  Defendant asserts that Exhibit A to the Arnese Declaration, specifically, the transcript of plaintiff's February 4, 2008 deposition, was designated as confidential by plaintiff.  Plaintiff, however, has failed to file, within five days of the filing of defendant's Administrative Motion, "a declaration establishing that the designated information is sealable."  See Civil L.R. 79-5(d) (providing that, if the designating party does not file, within five days of filing of motion for sealing order, "a declaration establishing that the

designated information is sealable," the proposed filings "will be made part of the public record"). Accordingly, the Administrative Motion is hereby DENIED to the extent it seeks the filing of such document under seal. Defendant is hereby DIRECTED to file in the public record, no later than July 8, 2008, Exhibit A to the Arnese Declaration. If defendant fails to timely file said document in the public record, the Court will not consider it in ruling on defendant's motion for summary judgment.

2. Defendant asserts Exhibit B to the Arnese Declaration, specifically, the Declaration of Jason Dukes filed in support of defendant's Motion for Summary Judgment, and Exhibits A through C thereto, are properly filed under seal for the reason that the documents "quote from and discuss the customer service call notes that were made in connection with [plaintiff's] Cingular account." (See Admin. Mot. at 2:17-19.) Exhibit A to the Declaration of Jason Dukes consists of a copy of the customer service call notes made in connection with plaintiff's account, and Exhibits B and C thereto consist of invoices for plaintiff's account for the periods from August 4, 2005 to September 3, 2005 and September 4, 2005 to October 3, 2005, respectively.

Defendant has failed to establish that the entirety of the Declaration of Jason Dukes, and Exhibit A thereto, is "privileged or protectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(a). Indeed, the only apparently confidential item contained in either of said documents is plaintiff's wireless number, which number appears several times in Exhibit A. Such information can be easily redacted, and neither party asserts the presence of plaintiff's wireless number on the customer service call notes has any significance with respect to defendant's motion for summary judgment. Accordingly, the Administrative Motion is hereby DENIED to the extent it seeks the filing of such documents under seal. Defendant is hereby DIRECTED to file in the public record, no later than July 8, 2008, the Declaration of Jason Dukes and a version of Exhibit A thereto, in which plaintiff's wireless number is redacted. If defendant fails to timely file said documents in the public record, the Court will not consider them in ruling on defendant's

2

1    motion for summary judgment.[1]

2         Exhibits B and C to the Declaration of Jason Dukes contain plaintiff's account

3    number, wireless telephone number, and a listing of each of the calls made and received

4    by plaintiff during the period covered by the invoice, which information is entitled to

5    protection from public dissemination.  Accordingly, the Administrative Motion is  hereby

6    GRANTED to the extent it seeks the filing of said exhibits under seal, and the Clerk is

7    directed to file under seal unredacted versions of said exhibits.

8         3.  With respect to the Memorandum, defendant has not shown the entirety of such

9    document is confidential, and portions thereof plainly are not.  (See, e.g., Def.'s "Brief in

10   Support of Defendant's Motion for Summary Judgment, or, in the Alternative, Partial

11   Summary Judgment" at 1:14-25 (discussing plaintiff's allegations in the complaint).)[2]  A

12   party may not designate an entire document as confidential when only part of the document

13   contains confidential information.  See Civil L.R. 79-5(a) (providing request to file document

14   under seal "must be narrowly tailored to seek sealing only of sealable material").

15   Accordingly, the Court will defer ruling on the motion with respect to the Memorandum, to

16   afford defendant the opportunity to file, no later than July 8, 2008, a supplemental

17   declaration identifying with particularity the portions thereof that defendant claims are

18   subject to sealing and the reason(s) therefor.

19        Accordingly, for the reasons set forth above, defendant's Administrative Motion is

20   hereby GRANTED in part and DENIED in part, and further ruling thereon is DEFERRED.

21        **IT IS SO ORDERED.**

22   Dated: July 3, 2008                                _____
                                                        MAXINE M. CHESNEY
23                                                      United States District Judge

24

25        [1] In the event defendant is of the view that the wireless number has some bearing on
     the resolution of its Motion for Summary Judgment, defendant, in lieu of filing Exhibit A in
26   the public record, may file a supplemental declaration, no later than July 8, 2008, explaining
     such significance and seeking to file an unredacted version of the exhibit under seal.
27

28        [2] This example is provided for illustrative purposes only, and is not intended to set
     forth all of the material that appears to be of a nonconfidential nature.