United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN D. WINIG,

        Plaintiff,

  v.

CINGULAR WIRELESS, LLC, et al.,

        Defendants.

_____/

No. C-06-4297 MMC

**ORDER GRANTING DEFENDANT CINGULAR'S MOTION FOR SUMMARY JUDGMENT; GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS AT&T MOBILITY, LLC AND AT&T MOBILITY CORPORATION**

Before the Court is defendant Cingular Wireless LLC's ("Cingular") Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Motion"), filed June 20, 2008. Plaintiff has filed opposition, to which Cingular has filed a reply, and to which reply plaintiff was permitted, by order issued concurrently herewith, to file a sur-reply. Having considered the papers filed in support of and in opposition to the Motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), and rules as follows.

    1.  Cingular has presented undisputed evidence that, contrary to the allegations in plaintiff's Second Amended Complaint ("SAC"),[1] (see, e.g., SAC ¶¶ 1, 5), Cingular, in July

_____

    [1] Plaintiff was granted leave to file his SAC after Cingular's Motion had been fully briefed. The parties' briefing indicates, however, that the arguments set forth in such briefing apply to the SAC as well. (See, e.g., Mot. at 11 n.2 (stating Cingular "is entitled to

1    2005, did not effect a "change in policy" by which Cingular began charging customers for

2    voicemail retrieval. (See Decl. of Jacqueline Jackson (Cingular's Product Manager for

3    Voicemail) ¶¶ 2, 5 (attesting that Cingular "did not change any of its policies related to

4    billing customers for voicemail retrieval calls or customers' calls to their own Cingular

5    mobile numbers . . . in or around July 2005").)  Accordingly, Cingular is entitled to summary

6    judgment to the extent plaintiff's claims are based on an asserted change in policy.

7        2.  To the extent plaintiff now augments his breach of contract claim by the assertion

8    that Cingular breached the terms of the parties' contract even in the absence of a policy

9    change, the claim likewise fails.  Contrary to plaintiff's argument that the contract "requires

10   that voicemail retrievals should be treated as free mobile-to-mobile minutes and not as

11   standard airtime minutes," (see Opp'n at 11:5-7) (emphasis in original),[2] the contract makes

12   clear that calls to retrieve voicemail qualify as "airtime" and are subject to charges.  In

13   particular, under the heading "CHARGES AND DISPUTES," the contract expressly

14   provides: "Charges include, without limitation, airtime."  (See Decl. of Beth O'Neal Arnese

15   ("Arnese Decl.") Ex. A at 24.)  Under the heading "OTHER IMPORTANT INFO," the

16   contract further provides: "Airtime minutes apply when . . . Calling . . . voicemail."[3]  (See id.

17   //

18   //

19

20   judgment on [p]laintiff's claims, regardless of the outcome of the motion to amend"); Opp'n
     at 11:5-7 (identifying plaintiff's "core premise" in the action by citation to portions of SAC).)
21       Accordingly, plaintiff's Administrative Motion, filed July 22, 2008, in which plaintiff
     suggests the Motion is "moot as a matter of law," (see Pl.'s Admin. Mot. at 1:13), and
22   requests, inter alia, an order directing the parties to confer regarding a briefing schedule for
     a future motion for summary judgment, (see id. at 3:4-9), is hereby DENIED.
23

24      [2] The parties agree that mobile-to-mobile minutes are not subject to charges under
     the terms of the contract at issue.

25      [3] The complete provision, which is set off by a bullet point, reads:
           "Airtime minutes apply when . . .
26         Call 411 (up to $1.50 charge per call).
           Calling toll-free numbers (800, 866, etc.). Incoming calls,
27         outgoing calls, long distance calls and voicemail."
     (See Arnese Decl. Ex. A at 5.)  Although the punctuation and grammar are less than
28   optimal, the meaning is clear.

                                        2

1    at 5.)[4]

2        Additionally, in specifying how the length of a call is calculated, the contract provides

3    that "Chargeable Time begins for outgoing calls when you press SEND" and "ends after

4    you press END," cautions that such chargeable time also "may include time for [Cingular] to

5    recognize that only one party has disconnected from the call, time to clear the channels in

6    use, and ring time," (see id. at 24), and, immediately thereafter, reminds the subscriber that

7    "Chargeable Time may also occur from other uses of [Cingular] facilities, including by way

8    of example, voicemail deposits and retrievals, and call transfers," (see id. (emphasis

9    added)).

10       The Court finds unpersuasive plaintiff's argument that the terms of the Rate Plan

11   Brochure[5] provide an exception for voicemail retrieval where the subscriber dials his own

12   mobile telephone number.  In support of such argument, plaintiff relies on the following

13   statement in the Rate Plan Brochure: "Mobile to Mobile Minutes may be used when directly

14   dialing or receiving calls from any other Cingular phone number from within your calling

15   area."  (See Decl. of Justin P. Karczag Ex. D.)  Although plaintiff has presented evidence

16   that, when a customer accesses voicemail by dialing their own Cingular phone number, the

17   phone call is routed through a "pilot number," i.e., an "other Cingular phone number," (see,

18   e.g., Decl. of Nathan Lowery Ex. M at 21:24-22:25; 30:5-15), plaintiff has failed to show

19   that, by dialing his own Cingular phone number, he "directly dialed" the pilot number.

20   Further, in a glossary of terms, under "UNLIMITED MOBILE TO MOBILE MINUTES," the

21   contract explains that mobile-to-mobile minutes are "[c]alls to and from other local Cingular

22   customers in your mobile to mobile calling area."  (See Arnese Decl. Ex. A at 6 (emphasis

23   ────────────────

24       [4] The former provision appears in a document titled "Wireless Service Agreement"
     and the latter provision appears in a document titled "Welcome Kit."  The parties do not
25   dispute each of said documents constitutes part of the parties' contract.

26       [5] Contrary to Cingular's argument, plaintiff's reference to language in the Rate Plan
     Brochure does not raise a new claim.  The Rate Plan Brochure is expressly incorporated by
27   reference in the "Wireless Service Agreement" plaintiff alleges Cingular to have breached.
     (See Arnese Decl. Ex. A at 23 (providing Agreement "includes and incorporates additional
28   provisions contained in a separate rate plan or other brochure(s) describing the services to
     which [plaintiff] subscribed ('Rate Plan Brochure')")).

1  added).)  Plaintiff does not suggest, nor could he, that dialing his own mobile telephone

2  number is calling an "other Cingular customer."[6]

3      Accordingly, Cingular is entitled to summary judgment on plaintiff's claim for breach

4  of contract, as well as plaintiff's claims for unjust enrichment and breach of the covenant of

5  good faith and fair dealing derivative therefrom.

6      3.  In light of the Court's finding herein that the contract unambiguously permits

7  Cingular's categorization of minutes used to access voicemail as "Chargeable Minutes" or

8  "Airtime Minutes" rather than "Mobile to Mobile Minutes," plaintiff's remaining claims for

9  unfair competition, violation of the Consumers Legal Remedies Act, and violation of the

10  Federal Communications Act, each of which is premised on a misrepresentation or

11  omission with respect to such categorization, fail for want of an underlying wrongful act.

12      4.  The Court's reasoning herein applies equally to defendants AT&T Mobility, LLC,

13  and AT&T Mobility Corporation, each of whom was named in the SAC but has not yet

14  appeared, and, accordingly, the Court likewise will grant summary judgment in favor of said

15  defendants.  See Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 803

16  (9th Cir. 1995)) (affirming summary judgment in favor of nonappearing defendant, where

17  plaintiff, in response to motion filed by defendant who had appeared, had "full and fair

18  opportunity to brief and present evidence" on dispositive issue that controlled determination

19  with respect to nonappearing defendant).

20  //

21

22      [6] Plaintiff's reliance on oral representations attributed to Cingular employees is
unavailing.  Such evidence is inadmissible where, as here, the contract at issue is
23  integrated, (see Arnese Decl. Ex. A at 26 (providing Wireless Service Agreement and
specified other written documents "make up the complete agreement between [plaintiff] and
24  Cingular, and supersede any and all prior agreements and understandings relating to the
subject matter of this Agreement")), and the oral representations are offered to support an
25  interpretation to which the contract terms are not reasonably susceptible, see Casa
Herrera, Inc. v. Beydoun, 32 Cal.4th 336, 343 (2004) (holding oral or written extrinsic
26  evidence may not be introduced "to vary, alter or add to the terms of an integrated written
instrument," but only "to explain the meaning of a written contract ... [if] the meaning urged
27  is one to which the written contract terms are reasonably susceptible") (internal quotations
and citations omitted); Estate of Gaines, 15 Cal.2d 255, 264 (1940) (holding California's
28  parole evidence rule constitutes substantive, not procedural, law).

1

**CONCLUSION**

2      For the reasons set forth above,

3      1.  Cingular's motion for summary judgment is hereby GRANTED; and

4      2.  Summary judgment in favor of AT&T Mobility, LLC, and AT&T Mobility

5      Corporation is hereby GRANTED.

6      The Clerk shall close the file.

7      **IT IS SO ORDERED.**

8      Dated: August 21, 2008                  MAXINE M. CHESNEY
9                                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5